IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANGELA IRBY, *et al.*,

     **Plaintiffs,**

v.                                         **No. 2:24-cv-00094-SMD-JHR**

JEFFERSON INSURANCE COMPANY, *et al.*,

     **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO COMPEL [DOC. 92]**

THIS MATTER comes before the Court on Defendants' Motion to Compel Production of Documents and Required Releases [Doc. 92]. Plaintiffs filed a response in opposition [Doc. 98] and Defendants replied [Doc. 100]. Having reviewed the briefing, the case record, and applicable law, the Court DENIES Defendants' motion to compel.

## I.     PROCEDURAL BACKGROUND

Plaintiffs filed suit against Defendants on December 14, 2023, in New Mexico state court. [Doc. 1-2]. Plaintiffs allege that while Plaintiff Angela Irby and William Irby, decedent, vacationed in Turks and Caicos, Mr. Irby contracted COVID. *Id.* at 17. Mr. Irby had dire need of care given he had a heart transplant five years prior and was at risk of serious complications. *Id.* Plaintiffs allege that the doctor advised them to get Mr. Irby off the island "as soon as possible" due to the local hospital's inability to treat Mr. Irby. *Id.* While quarantining in their hotel, Mr. and Mrs. Irby contacted Defendants, their insurer, on November 6, 2021, to arrange emergency medical evacuation. *Id.* at 18. Plaintiffs allege that Defendants' representatives repeatedly refused and delayed arranging the evacuation for four days despite Mr. Irby's worsening condition. *Id.* at 19–23. Soon, Mrs. Irby was forced to call an ambulance for Mr. Irby; at the hospital Mr. Irby showed

signs of respiratory distress, systemic inflammation, and high risk of organ failure. *Id.* at 24. Delays from Defendants continued despite medical advice and Mrs. Irby's repeated pleas that Mr. Irby could die without immediate evacuation to a U.S. hospital. *Id.* at 25. These pleas from Mrs. Irby included contacting the United States consulate in Turks and Caicos, which Plaintiffs allege called Defendants several times "no avail." *Id.* at 26.

Defendants evacuated Mr. Irby on November 10, 2021. *Id.* Upon arrival to a Miami hospital, Mr. Irby was in respiratory failure and experiencing "problems" with his kidney and liver. *Id.* His condition continued to worsen despite treatment over the next month, and Mr. Irby died on December 17, 2021, from septic shock and acute hypoxic respiratory failure. *Id.* at 27–28. Plaintiffs allege that if Defendants had provided medical air evacuation on November 6, 2021, when Mrs. Irby made the request, Mr. Irby would have received timely medical care and survived his COVID infection. *Id.* at 28–30. Plaintiffs bring claims for breach of contract, bad faith, violation of the New Mexico Insurance Practices Act and Unfair Practices Act, wrongful death, and loss of consortium. *Id.* at 31–44.

Defendants removed the case to federal court on January 30, 2024, and moved for dismissal of all Plaintiffs' claims except wrongful death. [Docs. 1, 10]. The Court denied the motion and, on July 31, 2024, issued a scheduling order for discovery. [Doc. 32]. Defendants filed the instant motion to compel on July 29, 2025. [Doc. 92].

## II.      BRIEFING SUMMARY

Defendants request the Court compel Plaintiffs pursuant to Fed. R. Civ. P. 37 to disclose medical records pertaining to Plaintiffs Angela Irby and LaZhonte Anderson. [Doc. 92, at 1]. Defendants assert that under D.N.M.LR-Civ. 26.3(d) Plaintiffs must disclose (1) a complete list of all mental health providers who treated Mrs. Irby and Mr. Anderson between December 13, 2018,

2

to the present, (2) all mental health treatment records for Mrs. Irby and Mr. Anderson in their possession, and (3) authorizations of release to permit Defendants to request Mrs. Irby's and Mr. Anderson's mental health treatment records from identified providers. *Id.* at 7. Defendants argue Plaintiffs triggered this rule and its required disclosures by seeking damages for wrongful death and loss of consortium. *Id.* at 3–6.

Plaintiffs respond that the psychotherapist-patient privilege shields them from disclosing the requested providers and mental health records. [Doc. 98, at 1]. Plaintiffs argue that courts in the Tenth Circuit, including this Court, hold the privilege protects against disclosure of mental health records where a party asserts only "garden variety" emotional distress. *Id.* at 4–7. "Garden variety" distress refers to emotional distress which may be universally experienced and/or understood by laypeople, as opposed to emotional distress which may be "complex," as it relates to specific psychiatric disorders, or "unusual," as it relates to its disabling effects. *Id.* at 5. Plaintiffs argue their alleged emotional distress is garden variety because they do not intend to claim any damages for mental health treatment, introduce mental health records, or otherwise rely on expert testimony to support their claims. *Id.* at 8–15. In addition, Plaintiffs argue that because they do not intend to introduce such material, D.N.M.LR-Civ. 26.3(d) does not apply. *Id.* at 16–17.

Defendants reply that Plaintiffs improperly cite federal common law when New Mexico state law governs the psychotherapist-patient privilege in this case. [Doc. 100, at 1]. Defendants argue that neither New Mexico, this Court, nor the Tenth Circuit have adopted any "garden variety" distinction for emotional distress damages, and that any claim for emotional distress plainly puts Mrs. Irby's and Mr. Anderson's mental and emotional condition at issue. *Id.* at 2–7. Therefore, Defendants assert that Mrs. Irby and Mr. Anderson waived the privilege by their loss

of consortium claim and can protect any remaining privacy interest with a protective order and the rules of evidence at trial. *Id.* at 3, 5.

### III.    APPLICABLE LAW

**A.    Privilege-Based Objections.**

Discoverable material includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In order to assert a matter is privileged, a party must state the claim of privilege with particularity and produce a privilege log. Fed. R. Civ. P. 26(b)(5)(A); *see Tex. Brine Co., LLC & Occidental Chem. Corp.*, 879 F.3d 1224, 1229–30 (10th Cir. 2018). The law which governs a claim for privilege depends on the jurisdiction exercised by the federal court. *See Vondrak v. City of Las Cruces*, 760 F. Supp. 3d 1170, 1176–77 (D.N.M. 2009). When a federal court exercises diversity jurisdiction over a suit composed exclusively of state law claims, the law of the state supplying the rule of decision governs the claim of privilege. Fed. R. Evid. 501; *Frontier Refin., Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 699 (10th Cir. 1998).[1]

**B.    Motions to Compel Under Rule 37.**

A party may seek a court order compelling discovery after attempting in good faith to confer with the other party and resolve the issue. Fed. R. Civ. P. 37(a)(1). If the court has to resolve the issue, Rule 37 generally requires that the "loser pays" as a sanction. *United Fire & Cas. Co. v. Caskey Drywall NM LLC*, No. 17-cv-01108, 2018 WL 5849565, at *3 (D.N.M. Nov. 8, 2018) (internal quotation omitted). The court must award the movant its reasonable attorney fees for the motion after giving the non-movant an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A). Conversely, the court must award the non-movant its reasonable attorney fees if it denies the

---

[1] However, federal law will always govern objections based on the work product doctrine regardless of whether the federal court sits in diversity jurisdiction or federal question jurisdiction. *Frontier Refin.*, 136 F.3d at 702 n.10.

4

motion. *Id.* 37(a)(5)(B). However, the court shall not award fees if the losing party's position was substantially justified or other circumstances would make an award of expenses unjust. *Id.* 37(a)(5)(A), (B). In addition, the court may apportion reasonable attorney fees between the parties, or not shift fees at all, if it denies in part and grants in part the motion to compel. Fed. R. Civ. P. 37(a)(5)(C); *Benavidez v. Sandia Nat'l Lab'ys*, 319 F.R.D. 696, 730 (D.N.M. 2017).

### IV.    ANALYSIS

**A.    Plaintiffs' Mental Health Records and Providers Are Relevant and Discoverable.**

New Mexico law governs Plaintiffs' claim of psychotherapist-patient privilege. The caselaw pertaining to the privilege raised by Plaintiffs stems from *Jaffee v. Redmond*, where the Supreme Court recognized the privilege under federal common law. *Jaffee v. Redmond*, 518 U.S. 1, 9–10 (1996). However, state law, not federal common law, governs privilege in diversity cases. *Frontier Ref., Inc.*, 136 F.3d at 699. Therefore, as the state law supplying the rule of decision in this case, New Mexico law controls here. Fed. R. Evid. 501.

New Mexico's psychotherapist-patient privilege protects confidential communications between patient and medical provider made for the purpose of diagnosis or treatment of a physical, mental, or emotional condition. Rule 11-504 NMRA; *State v. Strauch*, 2015-NMSC-009, ¶ 43, 235 P.3d 317, 328. "Communications" include information or knowledge which the medical provider gains by observation or personal examination, and "confidential" means the patient did not intend the provider to disclose the information to third parties.[2] *State v. Roper*, 1996-NMCA-073, ¶¶ 8, 10, 921 P.2d 322, 324–25. In addition, protecting the communication from non-disclosure must serve the purpose of the privilege: full and candid disclosures which enable effective treatment.

---

[2] A communication is still confidentially made to a provider if the communication is disclosed to other persons in furtherance of diagnosis or treatment of the patient's condition. *See* Rule 11-504(A)(5); *Strauch*, 2015-NMSC-009, ¶ 43, 345 P.3d at 328.

5

*Id.* at ¶¶ 11, 13, pp. 325–26. However, the privilege does not protect communications about physical, mental, or emotional condition(s) which a party relies upon to advance a claim or defense. Rule 11-504(D)(3) NMRA.

The New Mexico Court of Appeals delineated the scope of Rule 11-504(D)(3)'s carveout in *Pina v. Espinoza*. In that case, the trial court ordered the plaintiff to execute a blanket release of medical records because she placed her physical and mental condition at issue by seeking damages for medical expenses, pain, and "loss of enjoyment of life." *Pina v. Espinoza*, 2001-NMCA-055, ¶¶ 2, 7, 29 P.3d 1062, 1064. The court of appeals ruled the blanket release was improper because the carveout makes discoverable *specific* communications about *specific* conditions and symptoms, not broad categories of conditions, communications, treatment records, or providers. *Id.* at ¶¶ 16–18, p. 1067 ("The extent to which [a plaintiff] has placed aspects of her medical history in dispute depends on the particular contours of her damage claims.").

Applying New Mexico law, this Court has recognized that claims for emotional distress and loss of consortium puts a plaintiff's mental and emotional condition at issue without exception or qualification for "garden variety" claims. *Empey v. FedEx Ground Package Sys, Inc.*, No. 15-cv-00815, 2016 WL 10179244, at *3 (D.N.M. July 7, 2016); *Gonzales v. Goodyear Tire & Rubber Co.*, No. 05-cv-00941, 2006 WL 8444095, at *7–8 (D.N.M. July 28, 2006); *see also Fernandez v. Walgreen Hastings Co.*, 1998-NMSC-039, ¶ 27, 968 P.2d 774, 782 (consortium damages are emotional distress damages). Thus, regardless of any severity, uniqueness, or other exceptional qualities of Mrs. Irby's and Mr. Anderson's claimed emotional damages, their mental and emotional conditions are at issue in this suit and discoverable.

**B.      D.N.M.LR-Civ. 26.3(d) Does Not Apply Here Because Plaintiffs Do Not Intend to Use the Material Requested by Defendants for Their Own Claims.**

6

Although Mrs. Irby's and Mr. Anderson's mental health records and treatment providers are discoverable, the Court will not address the extent to which they are. Defendants are not entitled to the discovery they seek under D.N.M.LR-Civ. 26.3(d) because the rule only applies to material which Plaintiffs may use to support their damage claims.

D.N.M.LR-Civ. 26.3 governs the initial disclosures which the District of New Mexico requires a party to make as a matter of course. D.N.M.LR-Civ. 26.3(d) reads as follows:

> **In all cases in which the physical or mental medical condition of a party is an issue**, the party whose condition is an issue must make a good faith effort to produce the following information **that the disclosing party may use to support its claims or defenses, unless solely for impeachment**:
>
> (1) a list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings and continuing through the current date;
>
> (2) all records of such healthcare providers which are already in that party's possession, which will be made available for inspection and copying by all other parties to the action;
>
> (3) for each healthcare provider, a signed authorization to release medical records form, as set forth in Appendix "A." Within fourteen (14) days after receiving medical records by use of these authorization forms, a party must make the records available for inspection and copying by all other parties to the action.

(emphasis added). Prior to 2000, D.N.M.LR-Civ. 26.3(d) contained no "may use" clause limiting disclosures. *EEOC v. Fisher Sand & Gravel Co.*, No. 09-cv-00309, 2010 WL 11590913, at *2 (D.N.M. Mar. 4, 2010). However, when Fed. R. Civ. P. 26 was amended to only require parties to initially disclose material in their possession they might use to support their claim or defense, the District of New Mexico added the clause. *Id.*; *Drain v. Wells Fargo Bank*, No. 04-cv-00399, 2006 WL 8434793, at *3 (D.N.M. Mar. 2, 2006).

The plain language and amendment history of the local rule supports two prerequisites for application. First, a party is entitled to the disclosure of another party's treatment providers, medical records, and signed authorization of release only if the other party's physical or mental medical condition is at issue. Second, the duty to disclose only applies to those providers and medical records which the other party intends to use (or at least contemplates using) as part of a claim or defense. Therefore, even if a treatment provider or medical record might be relevant to a physical or mental condition at issue, a party has to *automatically* disclose that information only if it plans to use it. *Castillo v. Vista Mesa Villa*, No. 15-cv-00344, 2016 WL 10592207, at *3 (D.N.M. Jan. 22, 2016).

The Court has not always been consistent in giving effect to the "may use" clause in D.N.M.LR-Civ. 26.3(d). *Showmaker v. Taos Ski Valley*, No. 20-cv-00447, 2020 WL 12754256, at *3 n.3 (D.N.M. Dec. 1, 2020). The inconsistency stems from its decision in *Garcia v. McCauley*. In *Garcia*, the referral magistrate judge rejected the plaintiff's argument that D.N.M.LR-Civ. 26.3(d) only required disclosure of treatment providers and medical records he intended to use. No. 12-cv-00265, 2014 WL 12625768, at *3 (D.N.M. Dec. 11, 2014). The magistrate judge reasoned that while the "literal" reading of the "may use" clause supported the plaintiff's argument, the clause was "somewhat confusing and unfortunate" and had been "read out" by the District of New Mexico. *Id.* at 4. The magistrate judge concluded that the literal meaning of the rule would allow parties to hide discoverable material from an otherwise entitled party. *Id.* When plaintiff appealed the decision, the presiding district judge did not endorse or reject the magistrate's reasoning but upheld her discovery sanctions on alternative grounds. *Garcia v. McCauley*, No. 12-cv-00265, 2015 WL 12851233, at *2 (D.N.M. Mar. 25, 2015).

*Garcia*'s interpretation of D.N.M.LR-Civ. 26.3(d) depends on three unpersuasive premises. First, *Garcia* stated that no prior decisions from this Court had interpreted D.N.M.LR-Civ. 26.3(d) to only apply to material the disclosing party might use in support of its claim or defense. *Garcia*, 2014 WL 12625768, at *4. But the Court had adopted that interpretation in at least two prior cases. *Drain*, 2006 WL 8434793, at *4; *Fisher Sand & Gravel Co.*, 2010 WL 11590913, at *2. Second, *Garcia*'s assertion that the District had read out the "may use" clause depended on the Court's *Madrid v. Don Kelly Construction* decision. *Garcia*, 2014 WL 12625768, at *4. But *Madrid* concerned a dispute over an interrogatory and medical release, not automatic initial disclosures. *Madrid v. Don Kelly Constr., Inc.*, No. 12-cv-00451, 2013 WL 1897826, at *4, *9 (D.N.M. Apr. 24, 2013). And third, *Garcia*'s conclusion that the "may use" clause obstructs discovery of relevant medical information ignores other discovery mechanisms that are available for a party to obtain that information. *E.g.*, Fed. R. Civ. P. 33, 34.

Setting aside *Garcia*, the text, history, and caselaw for D.N.M.LR-Civ. 26.3(d) all demonstrate that a party needs to automatically disclose only the medical records and providers that it may use to support its claim or defense. Here, Plaintiffs represent that they do not intend to rely on any such material and will stipulate to that fact. [Doc. 98, at 2]; *cf. Empey*, 2016 WL 10179244, at *4. Therefore, D.N.M.LR-Civ. 26.3(d) does not provide Defendants with a mechanism to obtain the relevant and discoverable medical information of Mrs. Irby and Mr. Anderson they seek here.

## V.   CONCLUSION

For the reasons above the Court DENIES Defendants' motion to compel [Doc. 92]. While the Court denies Defendants' motion, it will not award reasonable attorney fees to Plaintiffs. Fed. R. Civ. P. 37(a)(5)(B). A position on a discovery motion is "substantially justified" if reasonable

9

minds could differ on the position's appropriateness. *See In re Real*, 753 F. App'x 649,657 (10th Cir. 2018). Here, Defendants rebutted Plaintiffs' argument that federal common law applies and persuasively argued that Mrs. Irby's and Mr. Anderson's mental health treatment records and providers are relevant and discoverable. Furthermore, while Defendants mistakenly relied on D.N.M.LR-Civ. 26.3(d) to seek this discovery, prior decisions from this Court did provide some support for their contention that the rule applied.

IT IS SO ORDERED.

HON. JERRY H. RITTER
United States Magistrate Judge